**ORIGINAL**

NAME Francisco Soriano

PRISON NUMBER  H-21656

CURRENT ADDRESS OR PLACE OF CONFINEMENT  Correctional Training Facility
Y Wing, 216 Low

CITY, STATE, ZIP CODE  Soledad, CA 93960

FILED
JUN - 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

2254    1983
FILING FEE PAID
Yes____  No ✓
IFP MOTION FILED
Yes____  No ✓
COPIES SENT TO
Court ✓   Pro Se

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO SORIANO,

(FULL NAME OF PETITIONER)

PETITIONER

v.

BEN CURRY, Warden, et al.,

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 1030 JLS LSP

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   Superior Court of Orange County, Honorable Theodore E. Millard, presiding

2. Date of judgment of conviction:

3. Trial court case number of the judgment of conviction being challenged: C-87299 & C-69321

4. Length of sentence:  26 years-to-life



5.  Sentence start date and projected release date:  June 28, 1996; release date is undetermined.

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): Penal Code §§ 187 and 12022(b).

7.  What was your plea? (CHECK ONE)

    (a) Not guilty  x

    (b) Guilty

    (c) Nolo contendere

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

    (a) Jury  x
    (b) Judge only

9.  Did you testify at the trial?
    Yes x    No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    Yes    No

11. If you appealed in the **California Court of Appeal**, answer the following:

    (a) Result: affirmed

    (b) Date of result, case number and citation, if known: unknown; G012122; G012123 & G013934

    (c) Grounds raised on direct appeal: (1) Trial Court's Erroneous Excusal of a Qualified and Deliberating Juror Without Good Cause; (2) Trial Court's Refusal to Discharge Jurors Who Flagrantly Violated Instructions/Deprived Petitioner Fair and Impartial Trial; (3) Prosecutorial Misconduct; (4) Unnecessary and Prejudicial Admission of Coroner's Photographs; (5) CALJIC 2.27; (7) Consecutive Sentence Unlawfully Imposed; (8) Failure to State Reason

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

    (a) Result:

    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result:

    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    Yes ___   No ___

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number:

    (b) Nature of proceeding:

    (c) Grounds raised:

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    ☐ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

 (a) **California Court of Appeal** Case Number: G012122 & G012123

 (b) Nature of proceeding: habeas corpus proceeding

 (c) Grounds raised:
  Trial Counsel Provided Ineffective Assistance by Failing to Adequately Investigate and Present Defense of Voluntary Intoxication Which Would Have Mitigated Murder to Involuntary Manslaughter

 (d) Did you receive an evidentiary hearing on your petition, application or motion?
  ☐ Yes  ☒ No

 (e) Result: denied

 (f) Date of result: unknown

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
 Yes ___  No ___

19. If your answer to #18 was "Yes," give the following information:

 (a) **California Supreme Court** Case Number: S158360

 (b) Nature of proceeding: habeas corpus proceeding

 (c) Grounds raised:
  (same as those raised in the Court of Appeal on habeas)

 (d) Did you receive an evidentiary hearing on your petition, application or motion?
  ☐ Yes  ☒ No

 (e) Result: denied

 (f) Date of result: May 14, 2008

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    Yes___ No___   (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
       (i) What was the prior case number? _____
       (ii) Was the prior action (CHECK ONE):
           ☐ Denied on the merits?
           ☐ Dismissed for procedural reasons?
       (iii) Date of decision: _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
       ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
       ☐ Yes ☐ No

---

CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   (a) **GROUND ONE**: TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY INVESTIGATE AND PRESENT THE DEFENSE OF VOLUNTARY INTOXICATION WHICH WOULD HAVE MITIGATED MURDER TO INVOLUNTARY MANSLAUGHTER

   **Supporting FACTS** (state *briefly* without citing cases or law)

   Petitioner submitted to the California Supreme Court the claim that he is <u>actually innocent</u> of the crime of second degree murder.
   Appellate counsel of record, Kathy M. Chavez, attempted to resolve the claim that trial counsel provided IAC by failing to adequately investigate and present the defense of voluntary intoxication which would have mitigated murder to involuntary manslaughter in a petition for writ of habeas corpus submitted to the Court of Appeal. Chavez also noted in an Informal Reply to Informal Return to Petition for Writ of Habeas Corpus that <u>Respondent concedes</u> that Petitioner's Declarations (attached to petition submitted to the Court of Appeal) <u>constitute evidence</u> which would have <u>bolstered an involuntary manslaughter defense</u>.
   Petitioner's trial counsel failed: (1) to follow up readily available leads regarding Petitioner's massive intoxication at the time of the crime and his history of serious alcohol abuse; (2) to adequately investigate lay and expert witnesses who were available to testify as to Petitioner's intoxication and alcohol abuse; and (3) to present a defense of voluntary intoxication based on their testimony, which would have mitigated murder to involuntary manslaughter. The prosecution argued to the jury that Petitioner was guilty of first degree murder. Trial counsel argued, based on Petitioner's testimony, that the victim was alive when Petitioner left her and that he had not killed her. Trial counsel presented no mental or voluntary intoxication defense to negate the malice element of murder.
   Petitioner testified that he drank up to 25 beers over the course of several hours immediately before leaving the bar with the victim. Maria Alvarez, Petitioner's landlady, testified that Petitioner still seemed drunk the next morning when he recounted to her what had happened the night before. The probation report chronicled Petitioner's alcohol abuse, which had started some 14 years earlier when he was 16 years old; and noted that Petitioner had habitually drank at least 12 beers and sometimes much more every weekend day.
   Maria Luisa Valentin, interviewed by appellate counsel, states that Petitioner habitually became intoxicated on weekends; that he would become aggressive and suffer blackout periods characterized by his later inability when sober to remember his aggressive drunken behavior.

   **Did you raise GROUND ONE in the California Supreme Court?**
      <u>Yes</u>   No.

GROUND ONE (continued)

**Supporting FACTS** (state *briefly* without citing cases or law):

Although all this information was easily available to trial counsel, he failed to follow up these investigative leads. Specifically, he did not interview, personally or through an investigator, Petitioner's friends and drinking companions; nor did he consult an expert in the field of alcohol intoxication and its effects on one's mental state; nor did he presnt any testimony, expert or lay, in support of a voluntary intoxication defense at trial.

---Had trial counsel consulted an expert in the field of drug and alcohol abuse and treatment, such as Dr. Stephen M. Pittel, the expert could have testified that based on the facts testified to at trial by Petitioner, Petitioner's blood alcohol content at 2:a.m., the night of the homicide, would have reached a peak level of .345; that based on this estimate and other information regarding the nature and extent of Petitioner's pattern of drinking and typical behavior while intoxicated, it was likely that his "mental faculties were so impaired by alcohol intoxication that he could have committed the homicidal act requiring gross motor functions <u>without having formed an intent to kill, without a conscious disregard for life, and without knowing that his conduct might endanger the life of another.</u>" An expert such as Dr. Pittel could have and would have testified that Petitioner's estimated level of intoxication at the time of the homicide is "associated with extreme significant impairment of all mental functions"; and the descriptions of his inability to remember his actions while under the influence of alcohol are consistent with an alcoholic blackout state in which <u>the intoxicated persons "is for all intents and purposes acting without conscious awareness or control of his behavior."</u> Had such a voluntary intoxication defense been presented to the jury, through the testimony of both percipient and expert witnesses, <u>it is very probable that the jurors would have returned a verdict more favorable to Petitioner such as involuntary manslaughter.</u>

In sum, had trial counsel conducted the constitionally required factual and legal investigation of the intoxication defense, the perceived inconsistencies would have disappeared and been explainable through expert testimony and within the context of Petitioner's alcoholism. Because Petitioner was convicte without the jury having considered important evidence directly bearing on the degree of his culpability, justice has not been served. This Court should, upon full consideration of this writ, vacated Petitioner's sentence and remand for retrial: Especially considering that even the Attorney General conceded that the Declarations (in support of the Petition filed by Kathy M. Chavez) would have bolstered an involuntary intoxication defense.

**Did you raise GROUND TWO in the California Supreme Court?**
___ Yes ___ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    <u>Yes</u>   No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: California Supreme Court
    (b) Case Number: S160881
    (c) Date action filed: February 15, 2008
    (d) Nature of proceeding: habeas corpus proceeding

    (e) Grounds raised:
    The Decision Finding Petitioner Unsuitable for Parole Was Not Supported By the "Some Evidence" Standard of Review, Which Violates Petitioner's Right to Due Process Under United States Constitution, Fourteenth Amendment

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No  As of yet, no

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: Anthony Kies

    (b) At arraignment and plea: same

    (c) At trial: same

    (d) At sentencing: same

    (e) On appeal: Kathy M. Chavez

    (f) In any post-conviction proceeding:

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    <u>Yes</u>   No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes   <u>No</u>
    (a) If so, give name and location of court that imposed sentence to be served in the future:
    _____

    (b) Give date and length of the future sentence: _____
    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes   ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:
    <u>June 6, 2008</u>

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

<u>June 6, 2008</u>          [signature]
(DATE)                    SIGNATURE OF PETITIONER

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Francisco Sorlano, declare:

I am over 18 years of age and a party to this action. I am a resident of ~~CTF Y W~~ Correctional Training Facility Prison, in the county of Monterey, State of California. My prison address is: CTF Y Wing, 216 Low, P.O. Box 689, Soledad, CA 93960.

On June 6, 2008,
(DATE)

I served the attached: petition for writ of habeas corpus
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 1, 2008
(DATE)

[signature]
(DECLARANT'S SIGNATURE)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Francisco Soriano

FILING FEE PAID
Yes ☐  No ☑

IFP MOTION FILED
Yes ☐  No ☑

COPIES SENT TO
Court ☑  Pro Se

**DEFENDANTS**

Ben Curry

FILED
JUN -9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Monterey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Francisco Soriano
PO Box 689
Soledad, CA 93960
H-21656

**ATTORNEYS (IF KNOWN)**

'08 CV 1030 JLS LSP

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28 U.S.C. 2254

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☑ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☑ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE    Docket Number

DATE  6/9/2008    SIGNATURE OF ATTORNEY OF RECORD

CR